575 A.2d 334

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Stuart L. ALISON.

Misc. Docket (Subtitle BV) No. 15, Sept. Term, 1988.

Court of Appeals of Maryland.

June 26, 1990.

Melvin Hirshman, Bar Counsel, and John C. Broderick, Asst. Bar Counsel, for Attorney Grievance Com'n of Maryland.

Lawrence P. Pinno, Jr., Joppa, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

## ORDER

The Respondent, Stuart L. Alison, was suspended from the practice of law in Maryland for a period of ninety days, beginning December 7, 1989, for violations of the Code of Professional Responsibility and the Rules of Professional Conduct, *see Atty. Griev. Comm. v. Alison,* 317 Md. 523, 565 A.2d 660 (1989).

Bar Counsel asserted that Alison had not complied with the provisions of Maryland Rule BV 13 a.2 in that, during his suspension, he had engaged in the practice of law in five instances.

The Court referred the matter to Judge J. William Hinkel of the Circuit Court for Baltimore County for an evidentiary hearing and to make appropriate findings concerning Alison's alleged illegal practice of law during the ninety-day period of his suspension.

Judge Hinkel concluded, by opinion dated April 12, 1990 that Alison engaged in the practice of law during his

suspension in one instance involving representation of a police officer in an administrative hearing under the Law Enforcement Officers' Bill of Rights.

Bar Counsel took exceptions to Judge Hinkel's failure to find that Alison also engaged in the practice of law in the four other claimed instances. Alison took exceptions to Judge Hinkel's conclusion that he illegally engaged in the practice of law in connection with his representation of the police officer.

The Court heard arguments on the exceptions, including Alison's representations that he did not believe that he was practicing law when he represented the police officer at the administrative hearing, and that his services were gratuitously rendered to the officer.

The Court has determined to accept Judge Hinkel's findings and to overrule Alison's exceptions and those of Bar Counsel. The Court is of the view that on the record before us, the appropriate action to be taken, all circumstances considered, is to terminate Alison's suspension, effective upon the filing of this order, conditioned upon Alison's compliance with Rule BV 13 a.2, and payment of all costs incurred in the disciplinary proceedings filed against him.

It is, therefore, ORDERED this 26th day of June, 1990, by the Court of Appeals of Maryland, that upon compliance with Rule BV 13 a.2 and payment by Alison of all costs of these disciplinary proceedings, his suspension shall be forthwith terminated.